IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02538-WJM-KAS

NETCHOICE,

    Plaintiff,

v.

PHILIP J. WEISER, in his official capacity as Attorney General of Colorado,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the **Joint Motion to Stay Pending Appeal** [#38] (the "Motion"). On November 6, 2025, the Senior District Judge entered a preliminary injunction in favor of Plaintiff. *Order* [#31]. Defendant filed a Notice of Appeal [#32] on December 8, 2025. On January 16, 2025, the parties filed the current Motion requesting a stay of proceedings in this Court pending resolution of the appeal "in the interest of judicial economy" as "[t]he parties anticipate the Tenth Circuit will provide significant guidance regarding the law of this case." *Motion* [#38] at 6.

    Plaintiff initiated this action by filing a Complaint for Declaratory and Injunctive Relief asserting a First Amendment challenge to Section 4 of Colorado House Bill 24-1136, § 6-1-1601, Colo. Rev. Stat. (2026) (the "Act"). *Compl.* [#1]. Plaintiff challenges Part 16 of Section 4, which requires certain social media platforms "to 'establish a function' that provides minor users with certain information." *Order* [#31] at 3, 4 (quoting § 6-1-1601(1)). Specifically, the Act requires platforms to provide information "that helps the user understand the impact of social media on the developing brain and the mental and physical health of youth users," and the information must "be supported by data from peer-reviewed scholarly articles or the sources included in the mental health and technology resource bank established" by the Act. *Id.* at 4 (quoting § 6-1-1601(2)).

    On August 21, 2025, Plaintiff filed a Motion for Preliminary Injunction [#15] requesting the Court enjoin enforcement of Section 4 of the Act. The Court granted the motion, concluding Plaintiff would likely succeed on the merits of its First Amendment challenge. *Order* [#31] at 27. Defendant subsequently filed an appeal. *Notice of Appeal* [#32].

In their Motion, the parties note that courts in this district generally apply the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), when determining whether to stay discovery. *Motion* [#38] at 3. The parties also acknowledge that courts typically apply the four factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009), to requests for a stay pending appeal. *Motion* [#38] at 3. Those factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (citation omitted). Nevertheless, the parties address only the *String Cheese* factors, relying on case law indicating that the factors from each case overlap. *Motion* [#38] at 3-4. Because the *Nken* factors generally apply to requests for a stay pending appeal, the Court applies those.

*Nken* identifies the first two factors as "the most critical." *Nken*, 556 U.S. at 434.*Nken,* 556 U.S. at 434. The parties contend, however, that Defendant's likelihood of success on appeal is less relevant where the parties have jointly requested a stay. *Id.* In light of the joint request, the Court finds that the first factor is neutral.

The joint nature of the request also causes the second and third factors to overlap. The parties contend their interests "would be burdened by proceeding *without* the Tenth Circuit's guidance." *Motion* [#38] at 4. "A range of appellate outcomes are plausible" and a stay would "avoid forcing the parties to engage in burdensome and costly discovery that may ultimately be misdirected." *Id.* The Court agrees that, given the extent to which the appellate decision may shape this case, these factors weigh in favor of a stay.

Finally, the Court finds that the public interest here is limited to efficiently resolving this matter. *Id.* at 5. The Court's Order currently enjoins enforcement of the Act, and the parties have agreed to delay enforcement for two months following the Tenth Circuit's decision, regardless of the outcome. *Motion* [#38] at 7. Thus, the public's immediate interest remains unaffected by the stay. The Court recognizes, however, that the public interest favors a stay to prevent Defendant, a public official, from engaging in discovery that the Tenth Circuit's decision may ultimately render irrelevant. Accordingly, to the extent the stay affects the public interest, this factor supports granting the parties' request.

IT IS HEREBY **ORDERED** that the Motion [#38] is **GRANTED**. All proceedings are **STAYED** pending resolution by the Tenth Circuit of the notice of appeal of the preliminary injunction order entered by the Senior District Judge.

Dated: January 26, 2026

2